UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Candace Sergi,** | : |
| Plaintiff, | : Civil Action No.: 3:13-cv-01110 |
| v. | : |
| | : COMPLAINT |
| **Howard Lee Schiff; and** | : |
| **DOES 1-10, inclusive,** | : |
| | : August 2, 2013 |
| Defendants. | : |

For this Complaint, the Plaintiff, Candace Sergi, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Candace Sergi ("Plaintiff"), is an adult individual residing in Hampden, Maine, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Howard Lee Schiff ("Howard"), is a Connecticut business

entity with an address of 510 Tolland Street, East Hartford, Connecticut 06108, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Howard and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Howard at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

A. **The Debt**

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,257.11 (the "Debt") to Capital One Bank, N.A. (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Howard for collection, or Howard was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Howard Engages in Harassment and Abusive Tactics**

12. In September 2012, Defendants filed a lawsuit against Plaintiff in Bangor District Court, Maine, in an attempt to collect the Debt.

13. After Plaintiff failed to appear at January 23, 2013, hearing, Defendants obtained a default judgment against Plaintiff for the amount of $1,257.11 plus interest and costs.

14. Thereafter, Plaintiff made a payment arrangement with Defendants agreeing to make payments to Defendants in lieu of wage garnishment.

15. Plaintiff made 4 payments to Defendants in the course of 6 months for the total amount of $785.00.

16. However, in June 2013, Defendants sent Plaintiff's employer an order of garnishment requesting Plaintiff's employer to withhold $1,275.00 from Plaintiff's wages, despite having previously received Plaintiff's payments.

C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

COUNT I

VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that

Defendants employed false and deceptive means to collect a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

27. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

28. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

> 1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 2, 2013

Respectfully submitted,

By   */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff